IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SARAH GARZA and ROBERTA RILEY, Individually and on Behalf of all Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:14-cv-00877-olg |
| | § § | |
| THOMAS JUDE HENRY, P.C. d/b/a THOMAS J. HENRY INJURY ATTORNEYS and THOMAS JUDE HENRY | § § § § § § | JURY DEMANDED |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR ENTRY OF ORDER BARRING CERTAIN COMMUNICATIONS WITH OPT-IN AND POTENTIAL OPT-IN CLASS MEMBERS**

TO THE HONORABLE JUDGE OF SAID COURT:

**SARAH GARZA and ROBERTA RILEY**, Individually and on behalf of all others similarly situated ("Plaintiffs"), file this Motion for Entry of Order Barring Certain Communications with Opt-in and potential Opt-in Class Members:

I.
INTRODUCTION

Plaintiffs SARAH GARZA and ROBERTA RILEY filed this lawsuit as a collective action on behalf of themselves individually and other persons employed as paralegals by Thomas Jude Henry, P.C. d/b/a Thomas J. Henry Injury Attorneys and Thomas Jude Henry ("Defendants") for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* Plaintiffs filed this lawsuit on October 7, 2014. Plaintiffs moved on

October 8, 2014 for conditional certification of the potential opt-in class. Plaintiff further alerted Defendant of the filing of the lawsuit in an attempt to confer on the motion for conditional certification. Counsel for Defendant conferred with the undersigned on the motion for conditional certification on October 8, 2014. On October 9, 2014, Plaintiffs' counsel was alerted by former employees of Defendants that Defendants had begun presenting employees with a proposed agreement on October 7 and 8, 2014, offering them compensation for overtime in exchange for an acknowledgement that no other compensation would be due. Defendants continued to seek to have these releases signed even after Plaintiffs filed their Original Complaint and Motion for Conditional Certification and notified counsel for Defendants of such filings.

First, the communications surrounding the release and the release itself are misleading and coercive and improperly interfere with the rights of potential opt-in plaintiffs. As a result, Plaintiffs now ask this Court to enter an Order a) prohibiting any further unapproved communications by Defendants and/or their counsel with opt-in and potential opt-in plaintiffs regarding the lawsuit; b) prohibiting Defendants and/or their counsel from requiring or requesting that current employees sign the attached agreement before they receive the Court-approved Notice of the lawsuit as requested by Plaintiffs in their Motion for Conditional Certification; d) prohibiting Defendants from continuing to coerce and intimidate potential opt-ins into signing agreements and accepting payment; and c) permitting a Court-approved Corrective Notice which states that employees have the right to revoke their acceptance of the settlement and release.

## II.
### BACKGROUND AND FACTS

Plaintiffs make the following factual allegations in support of this Motion:

1.  Plaintiffs Garza and Riley filed this lawsuit, individually and on behalf of all others similarly situated on October 7, 2014.

2.  On October 8, 2014, Plaintiffs filed a Motion for Conditional Certification, which sought permission from the Court to issue a Notice of the lawsuit to potential opt-in Plaintiffs including current paralegals employed by Defendants. The Defendants have not yet filed their response to the Motion.

3.  On October 9, 2014, Plaintiffs' Counsel was notified that Defendants were asking current employees to sign a copy of the agreement, attached hereto as Exhibit "A," and that Defendants were also contacting former employees with the same type of letter. Moreover, Defendants began presenting these agreements on October 7, 2014, the date Plaintiffs filed their Original Complaint, and have continued to intimidate and/or coerce potential opt-in Plaintiffs by making repeated requests to opt-ins and/or potential opt-ins for signatures and acceptance of the agreements.

4.  Communications with opt-ins and/or potential opt-ins have continued despite informing opposing counsel of the lawsuit and the motion for conditional certification.

5.  By signing the Agreement, an employee agrees that, upon the date of the agreement, or upon receipt of the payment discussed in the agreement, the employee has been paid and has received all wages and other compensation to which they may be entitled, and that no other wages are due by the firm.

6.  The Agreement does not identify in any way the current litigation between Plaintiffs Garza and Riley and Defendants, or otherwise alert the employees of their potential right to opt-in to the lawsuit.

## II.
### LEGAL ARGUMENT

A. <u>The Court should exercise its broad authority to manage the collective action and prevent further misleading and coercive communications by Defendants with potential opt-in class members.</u>

The Fair Labor Standards Act specifically provides that a Plaintiff can bring an action on his own behalf and on behalf of similarly situated employees.[1]  Conditional certification of the class of potential opt-in plaintiffs along with the issuance of a Court-approved Notice to the class helps to further the "broad remedial purpose of the [FLSA]."[2]   As the Supreme Court has observed, the benefits of an FLSA collective action "depend[] on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[3]. The procedure calls for a Court-approved notice in part because of the potential for abusive and misleading communications with members of the class of potential opt-in Plaintiffs.[4]  As such, a "court authorized notice protects against 'misleading communications' by the parties [and] resolves the parties' disputes regarding the content of any notice."[5]   The Court, therefore, has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and *parties*."[6]

By continuing to request that employees execute these agreements, the Defendants are impermissibly attempting to circumvent the Court process outlined above.  The Defendants'

---

[1] 29 U.S.C. § 216(b)
[2] *Braunstein v. Eastern Photographic Labs., Inc.*, 600 F. 2d 335, 336 (2nd Cir. 1978); *In re Fedex Ground Package Sys.*, 662 F. Supp. 2d 1069, 1081 (N.D. Ind. 2009)
[3] *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)
[4] *See Gulf Oil Co.v. Bernard*, 452 U.S. 89, 104 (1981) ("We recognize the possibility of abuses in class-action litigation, and agree . . . that such abuses may implicate communications with potential class members.");
[5] *Hoffman-La Roche,* 493 U.S. at 170-172.
[6] (emphasis added) *Gulf Oil Co.,* 452 U.S. at 100.

coercive and misleading communications are a blatant attempt to undermine the employees' exercise of federally protected rights. It is likely that any employees who signed releases did so because they did not understand their rights under the FLSA, the agreements terms, or both. Under such circumstances, the releases are most likely invalid and unenforceable.[7]  In addition, Courts have held that the FLSA bars private settlements of wage and hour disputes outside of the context of litigation or those made through the Department of Labor because the FLSA's provisions are mandatory and "are not subject to negotiation or bargaining between employers and employees."[8] Moreover, the amount offered by Defendants in exchange for the release is far less than the damages that Plaintiffs are entitled to.

     Furthermore, as noted above, the Agreement itself does not contain any reference to the existing litigation nor the potential opportunity for current employees to join the suit.  A Defendant's communications "may be coercive where the defendant interferes with participation by potential class members in the lawsuit or misleads them by failing to reveal how some proposed transaction might affect their rights in the litigation."[9] Courts have held that "a defendant's failure to mention even an uncertified class action in securing settlements or releases from putative class members may be misleading."[10]  A release is to be viewed as misleading

---

[7] The releases could be found unenforceable on the basis of "unconscionability." *See Wade v. Austin*, 524 S.W.2d 79 (Tex. Civ. App. Texarkana 1975)("In determining whether a contract is unconscionable, courts must look to the entire atmosphere in which the agreement was made; the alternatives, if any, available to the parties at the time of making the contract; the nonbargaining ability of one party; … and whether the contract is oppressive or unreasonable.")  The releases could be invalidated on the basis that they were entered under duress. *King v. Bishop*, 879 S.W.2d 222 (Tex. App. Houston 14th Dist. 1994)("A contract may be invalid or unenforceable by reason of economic duress when undue or unjust advantage has been taken of a person's economic necessity or distress to coerce him or her into making the agreement.")

[8] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1352 (11th Cir. 1982); *See also Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986); *Brown v. L & P Indus., LLC*, 2005 WL 3503637 *8 (E.D. Ark. 2005)("the FLSA bars private settlements of disputes about unpaid wages…")

[9] *Zamboni v. Pepe W. 48th St., LLC,* 12 CIV 3157 AJN JCF, 2013 WL 978935 *3 (S.D.N.Y. Mar. 12 2013)

[10] *Friedman v. Intervet, Inc.*, 730 F. Supp 2d 758, 762-763(N.D. Ohio 2010)(citing cases)

where the lawsuit seeks damages well in excess of the amounts offered in exchange for securing the release.[11]

The Court now has the power and, in fact, the duty to issue an Order which prevents the Defendants from continuing to communicate with opt-in and potential opt-in Plaintiffs in a misleading and coercive manner, from illegally attempting to settle and release the claims outside of litigation and from circumventing the conditional certification and notice process. In similar circumstances, the Court in *Belt v. Emcare, Inc.*, enjoined future communications and sanctioned Defendants because they "intentionally attempted to subvert both the Court's role in this collective action and the Court's approved notice by unilaterally sending a misleading and coercive letter to potential class members."[12]  Plaintiffs now call on the Court to follow the *Belt* Court's lead in issuing comparable Orders.

## II.
### CONCLUSION

For the foregoing reasons, Plaintiffs request the following relief:

1. Plaintiffs ask the Court to exercise its discretion in managing the collective action by issuing an Order preventing and enjoining Defendants and their attorneys, agents, servants, successors and assigns, and all persons acting in concert or participation with Defendants or acting on their behalf or at their direction from:

   (a) requesting that past or present employees sign the Agreement attached as Exhibit A or a similar document;

   (b) continuing to coerce and intimidate potential opt-ins into signing documents and accepting payment;

---

[11] *See Cox Nuclear Med. V. Gold Cup Coffee Servs., Inc.,*  214 F.R.D. 696,699 (S.D. Ala. 2003)
[12] *Belt v. Emcare, Inc.,* 299 F. Supp. 2d 664 (E.D. Tex. 2003)

(c) communicating with past or present employees or existing Plaintiffs regarding this lawsuit; and

(d) threatening retaliation against current employees.

2. Plaintiffs request that the Order remain in effect until the Court rules on Plaintiffs' Motion for Conditional Certification, and, if so ordered, continuing until the end of the opt-in period following the issuance of Court-approved Notice of the lawsuit, if such Notice is issued.

3. Plaintiffs ask that the Court approve the Corrective Notice attached hereto as Exhibit B which states that employees who have signed agreements have a right to revoke their acceptance of the settlement and agreement until such time as they have been given notice of and an opportunity to opt-in to the lawsuit and authorize Plaintiffs to mail the Corrective Notice to all current employees of Defendants. The Court should further require Defendants to provide within seven (7) days of granting this motion the names and addresses for all current employees. Plaintiffs further request that the Court order Defendants to provide the Corrective Notice to all employees and post the Notice in a conspicuous place in Defendants' places of business.[13]

4. If the Court determines that the attached Exhibits are insufficient to substantiate the allegations in this Motion, Plaintiffs request an evidentiary hearing so that former employees of Defendants may give testimony regarding the allegations.

5. Plaintiffs further request any such additional relief as to which they may be entitled.

Respectfully submitted,

---

[13] Such corrective notice has been found appropriate in other cases. *See Goody v. Jefferson County*, No. CV-09-437, 2010 WL 3834025, at *3 (D. Idaho Sept. 23, 2010) (requiring corrective notice where defendant's communications with potential class members caused confusion about right to join suit)



/s/ Alfonso Kennard Jr.
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**



A.J. Rodriguez
Texas Bar No.: 24083756
85 N.E. Loop 410, Ste. 603
San Antonio, Texas 78216
(210) 314-5688 (main)
(210) 314-5687 (facsimile)
aj.rodriguez@kennardlaw.com

### CERTIFICATE OF CONFERENCE

Counsel for the Plaintiff has conferred with Defendants' counsel regarding this motion, and such motion is opposed by Defendants' counsel.

_____
Alfonso Kennard, Jr.

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on counsel for Defendants via the District Court's ECF system on October 10, 2014.

                                                                                       Alfonso Kennard, Jr.